IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KASHON NATHANIEL KOHLER,

    Plaintiff,

v.

CITY OF EUGENE ET AL,

    Defendant.

Case No. 6:14-cv-01879-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff, appearing *pro se*, alleges excessive force, negligence, battery, deprivation of due process, public humiliation, and defamation of character. Pl. Amend. Compl. 3-4.

    On May 26, 2015, Defendant filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe them in a light most favorable to the non-moving party. See Ashcroft v.

1 - OPINION AND ORDER

Iqbal, 566 U.S. 662, 678 (2009). To survive a motion to dismiss a complaint must contain sufficient facts, if accepted as true, to state a claim that is "plausible on its face." Id. (quotations omitted). Further, *pro se* litigants are held to a less stringent standard in which a court views the pleading liberally but cannot supply essential elements of a claim not pled. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). Pursuant to this standard, Defendant's motion is granted in part and denied in part.

## Discussion

Plaintiff's claims arise from an incident on May 30, 2014, when he was allegedly "tackled."

Defendant argues that Plaintiff's state law claims against the Eugene Police Department and the City Prosecutor should be consolidated because the proper defendant is the City of Eugene. Defendant further argues that Plaintiff failed to plead adequate tort claim notice under Or. Rev. Stat. §30.275. I agree. All torts caused by officers, employees, or agents of a public body acting within the scope of their employment constitute actions under Or. Rev. Stat. § 30.260-.300, which restricts liability to "public bodies." Or. Rev. Stat. § 30.265. All causes of action in tort, "a breach of a legal duty… imposed by law, other than a duty arising from contract or quasi-contract," generally require

2 - OPINION AND ORDER

notice of such claims to the offending public body within 180 days after the alleged loss or injury. See Or. Rev. Stat. § 30.275(2)(b). Plaintiff's claim arose on May 30, 2014, and Plaintiff fails to allege or establish that he gave notice to the Defendant satisfying §30.275.

Defendant contends that Plaintiff relies upon diversity jurisdiction and therefore does not necessarily allege a claim for excessive force under 42 U.S.C. § 1983. However, construing the Plaintiff's complaint liberally, I find that Plaintiff intended to assert a federal claim pursuant to §1983. Defendant nonetheless argues that any §1983 claims should be dismissed because Plaintiff has failed to properly allege an official policy or custom to establish municipal liability under 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91 ("[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution."). I agree. Plaintiff makes no such allegations within his original or amended complaint and does not state a claim against the City of Eugene.

However, Plaintiff named the individual officers involved as defendants in the original complaint. See Pl. Compl. at 3. Despite not naming these officers in the caption of his Amended Complaint, Plaintiff identified Officer Ware, individually,

3 - OPINION AND ORDER

within his factual allegations in support of his excessive force claim. See Pl. Amend. Compl. At 3. Because of the liberal pleading standards afforded to *pro se* litigants and the discretion provided to this court, Plaintiff is granted 30 days leave to amend his complaint to properly name the relevant officers as defendants.

## Conclusion

For the reasons above, Defendant's motion to dismiss (doc. 12) is granted in part and denied in part. Plaintiff's claims against the City of Eugene and the City Prosecutor are DISMISSED. Within thirty (30) days from the date of this Order, plaintiff shall file a second amended complaint and name the officers identified in his prior complaints as defendants in the caption. Plaintiff is advised that failure to file an amended complaint as ordered **will result in the dismissal of this proceeding**. Plaintiff's motions for continuance, evidentiary hearing and discovery (docs. 14, 17) are denied.

IT IS SO ORDERED.

Dated this 22 day of July, 2015.

*Ann Aiken*
Ann Aiken
U.S. District Judge

4 - OPINION AND ORDER